### 75095. GWINNETT FEDERAL SAVINGS & LOAN ASSOCIATION v. CITY OF BUFORD et al.
(363 SE2d 597)

POPE, Judge.

Plaintiff Gwinnett Federal Savings & Loan Association brought an action demanding a refund for a portion of the bank share taxes paid to defendant City of Buford for the tax years 1981 through 1983. Summary judgment was granted to defendant on the ground the action was barred by the applicable statute of limitation. Plaintiff ap-

peals.

Before addressing the three enumerations of error set forth by plaintiff bank, we shall set forth the pertinent facts of the case in the context of other appeals which have been brought concerning the bank share tax. Prior to its repeal, the Georgia bank share tax act, OCGA § 48-6-90 (repealed by Ga. L. 1983, p. 1350, § 5), permitted a tax upon the fair market value of the shares of a bank. To the extent the tax was assessed against the value of federal securities held by a bank, the tax was found by the United States Supreme Court to violate United States Rev. Stat. § 3701, 31 USC § 742. *Bartow County Bank v. Bartow County Bd. of Tax Assessors*, 463 U. S. 1221 (103 SC 3563, 77 LE2d 1402) (1983) (vacated and remanded for further consideration in light of the holding in *American Bank &c. Co. v. Dallas County*, 463 U. S. 855 (103 SC 3369, 77 LE2d 1072) (1983)). On remand of the above-cited case from the United States Supreme Court, the Georgia Supreme Court approved a pro rata formula for exempting federal securities from the tax by permitting a deduction for only that portion of federal securities properly attributable to the assets of a bank as opposed to an absolute deduction from net worth for all federal securities, including those attributable to the bank's liabilities. *Bartow County Bank v. Bartow County Bd. of Tax Assessors*, 251 Ga. 831 (312 SE2d 102) (1984).

While one of the parties to the *Bartow County Bank* case appealed to the United States Supreme Court for a second time, plaintiff in the case now before us notified the City of Buford of its intent to claim a refund for bank share taxes paid for 1981 through 1983. By letter dated November 1, 1984, a representative of plaintiff bank requested the city to send forms and special instructions, if any, for filing a refund claim. In response, by letter dated November 15, 1984 the city attorney noted the resolution of the appeal to the United States Supreme Court was "directly linked to any refund request on behalf of Gwinnett Federal." Nevertheless, the demand for refund was denied.

On November 27, 1984 the bank provided the city with computations for the claimed refund. While the bank expressed its intent to rely on the proportional method of computing the refund, as approved by the Georgia Supreme Court, it also set forth as an alternative the refund which it claimed would be due under an absolute deduction of all federal securities. Again, by letter dated December 3, 1984 the city attorney acknowledged the appeal then pending before the United States Supreme Court but, nevertheless, denied the bank's refund claim.

On March 19, 1985 the United States Supreme Court approved the proportional formula set forth by the Georgia Supreme Court for exempting federal securities from the Georgia bank share tax. *First*

*Nat. Bank of Atlanta v. Bartow County Bd. of Tax Assessors,* 470 U. S. 583 (105 SC 1516, 84 LE2d 535) (1985). On January 13, 1986 plaintiff bank renewed its request for a refund. The action which forms the basis for this appeal was filed with the trial court on April 14, 1986.

1. No action for a tax refund may be commenced after the expiration of one year from the date a timely claim for refund is denied. OCGA § 48-5-380 (c). In this case, plaintiff's action was filed more than one year after the city's two written denials in November and December of 1984. Plaintiff argues its cause of action did not accrue until March of 1985 when the United States Supreme Court approved the proportional method of computing tax exemption for federal securities from the Georgia bank shares tax. Therefore, as its first enumeration of error, plaintiff asserts the applicable period of limitation had not expired when it filed its action.

The holding of the United States Supreme Court in *First Nat. Bank of Atlanta v. Bartow County Bd. of Tax Assessors,* 470 U. S. 583, supra, did not create a cause of action for a tax refund. It merely affirmed the formula articulated by the Georgia Supreme Court for calculating taxes due under the former Georgia bank shares tax act. If plaintiff had a valid claim for refund, which we do not here address, that claim was created in 1983 when the United States Supreme Court found the Georgia bank shares tax violated federal law. It was the 1983 ruling of the United States Supreme Court in *Bartow County Bank v. Bartow County Bd. of Tax Assessors,* 463 U. S. 1221, supra, which prompted plaintiff to assert its claim for a refund. Pursuant to OCGA § 48-5-380 (b), a claim for tax refund must be submitted to the governing authority within three years after the date the tax was paid. The fallacy of plaintiff's argument that the right to bring a claim for refund was not created until 1985 is illustrated by the fact plaintiff would be precluded from claiming a refund for 1981 and 1982 if it had first brought its claim in 1985.

2. The one-year period of limitation for filing an action for a tax refund may be extended by agreement in writing between the taxpayer and the governing authority imposing the tax. OCGA § 48-5-380 (c). As its second enumeration of error, plaintiff argues the correspondence from the city attorney in response to plaintiff's claims created an issue of fact as to whether the city had agreed to extend the period of limitation for bringing an action against it. In letters dated November 15 and December 3, 1984, the city attorney acknowledged the issue of how to calculate the exemption or deduction for federal securities was the subject of an appeal then pending before the United States Supreme Court. Despite the controversy over how the tax should be calculated, the city flatly denied plaintiff's claim for a refund in both letters. These letters did not create an issue of fact as

to whether the city agreed to extend the period of limitation for filing an action for refund.

3. We find no merit in plaintiff's third enumeration of error, in which it argues that the trial court failed to consider the purpose of the applicable statute of limitation and failed to apply the "principles of justice" to the facts of this case.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 23, 1987 —
REHEARING DENIED DECEMBER 4, 1987 — 

*Anthony O. L. Powell*, for appellant.
*Walter M. Britt*, for appellees.